### BARTHOLOMEW RYAN v. MARY A. FOLLANSBEE, EXECUTRIX.

The surviving wife may be a witness to matters in which her deceased husband was interested, unless she acquired her knowledge of the facts through a confidential communication from her husband.

THIS is an action of assumpsit for labor, and was referred to an auditor, who reported in favor of the defendant.

A question of law having arisen at the hearing before the auditor, at the request of the plaintiff, the auditor made the following statement in a separate report to raise the question, to wit:

"At the hearing the plaintiff testified without objection. The counsel for the defendant offered as a witness Mary A. Follansbee, the widow of the original defendant, deceased since the commencement of this suit, and who, as executrix of said John Follansbee, has come in to defend this suit by permission of the court. The auditor reported that he admitted her to testify to facts coming to her knowledge from other sources and not by means of her situation as a wife, notwithstanding they related to the transactions of her husband with this plaintiff, to which the plaintiff objected. And the witness testified as follows:

"I was at home during the year 1862, except to be gone a day at a time. The plaintiff worked for Mr. Follansbee two or three days in that year, and no more. I recollect about a settlement between the plaintiff and Mr. Follansbee, the last of December, 1861. I was in the room with Mr. Follansbee, Mr. Ryan and my little daughter. I recollect getting the account books out of the secretary, and Mr. Follansbee's pocket-book, and handing them to Mr. Follansbee. Mr. Follansbee handed Mr. Ryan some bills to balance the account. It was all settled."

To all of which the plaintiff objected.

The plaintiff moves to set aside the report and for a new hearing, because of mistake of law by the auditor. The auditor's report may be read at the hearing.

And it is ordered by the court, that the questions of law arising in the foregoing case be reserved and assigned for the determination of the whole court.

*Cutter*, for defendant, referred the court to 1 Greenleaf's Evid., secs. 254 and 338; *Pike* v. *Hayes*, 14 N. H. 22; *Jackson & al.*, v. *Barron*, 37 N. H. 497; *Walter, Ex'r*, v. *Sanborn*, 46 Maine 470; *Dexter* v. *Booth*, 2 Allen 559; *Williams* v. *Baldwin*, 7 Vt. 506; *Smith* v. *Potter*, 27 Vt. 304; *Gaskill* v. *King*, 12 Iredell 211.

*W. W. Bailey*, for plaintiff.

NESMITH, J. The principle involved in this case was examined and fully settled in the case, *Jackson* v. *Barron*, 37 N. H. 500.

The court, Judge Perley, there remarks, that the authorities in this country would seem to be nearly unanimous in favor of admitting the surviving wife as a witness to matters in which her deceased husband was interested, unless she acquired her knowledge of the facts through confidential communications from her husband.

There is no pretence that the testimony disclosed by the surviving wife here formed an exception to the aforesaid rule.    The facts disclosed by the wife evidently came to her knowledge from sources other than her husband.    She testified to transactions in which her husband was interested, in which she herself was an important agent, and could not have been an uninterested spectator and hearer, and would not be likely to forget what she did hear.    *Pike* v. *Hayes*, 14 N. H. 22 ; *Winship* v. *Enfield*, 42 N. H. 200 ; 1 Greenleaf's Evidence, secs. 254 and 338, and other cases cited by defendant's counsel.

There must be judgment for defendant according to the report of the auditor.